FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 6 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00992-BNB

CAREY A. MURRAY,

    Applicant,

v.

BRIGHAM SLOAN, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

    Respondents.

---

ORDER GRANTING MOTION TO RECONSIDER AND DIRECTING RESPONDENTS
TO FILE A PRE-ANSWER RESPONSE

---

    Applicant, Carey A. Murray, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Bent County Correctional Facility in Las Animas, Colorado. Mr. Murray initiated this action by filing a *pro se* application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 26, 2011, the Court directed Mr. Murray to file an amended application. The Court noted that it appeared that Mr. Murray was challenging the revocation of his parole, which is a claim challenging the execution of his sentence, not the validity of his underlying conviction. Therefore, Mr. Murray was directed to file his claims pursuant to 28 U.S.C. § 2241.

    On May 6, 2011, Mr. Murray filed a document titled "Supplemental to Habeas Corpus Filed Under 28 U.S.C. § 2254," in which he argues that his claims are properly filed pursuant to § 2254. The document will be liberally construed as a Motion to

Reconsider, and will be granted for the reasons set forth below.

In the Motion to Reconsider, Mr. Murray clarifies that he is challenging the validity of a "state of Colorado conviction from Mesa County case # 09CR691, where he has not started his mandatory parole yet." Motion at 1. Mr. Murray states that he challenges as unconstitutional the Colorado Revised Statutes used to convict him for the crime of escape from parole. *Id.* at 2. He alleges that "28 U.S.C. § 2254 is the proper avenue and not 28 U.S.C. § 2241, since he is challenging the validity of Mesa County case #09CR691, and not the parole period of case #03CR957." *Id.* Upon review of Mr. Murray's clarifications of his claims, the Court agrees that it is proper for Mr. Murray to assert claims which challenge the validity of his conviction in Mesa County Case No. 09CR691 in an action brought pursuant to § 2254. Accordingly, the order directing Mr. Murray to file an amended application pursuant to § 2241 will be vacated. Further, Respondents will be directed to file a pre-answer response to the § 2254 application, as set forth below.

As part of the preliminary consideration of the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 filed on April 14, 2011, in this action and pursuant to ***Denson v. Abbott***, 554 F. Supp. 2d 1206 (D. Colo. 2008), the Court has determined that a limited Pre-Answer Response is appropriate. Respondents are directed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). If Respondents do not intend to raise either of these

2

affirmative defenses, they must notify the Court of that decision in the Pre-Answer Response. Respondents may not file a dispositive motion as their Pre-Answer Response, or an Answer, or otherwise address the merits of the claims in response to this Order.

In support of the Pre-Answer Response, Respondents should attach as exhibits all relevant portions of the state court record, including but not limited to copies of all documents demonstrating whether this action is filed in a timely manner and/or whether Applicant has exhausted state court remedies.

Applicant may reply to the Pre-Answer Response and provide any information that might be relevant to the one-year limitation period under 28 U.S.C. § 2244(d) and/or the exhaustion of state court remedies. Applicant also should include information relevant to equitable tolling, specifically as to whether he has pursued his claims diligently and whether some extraordinary circumstance prevented him from filing a timely 28 U.S.C. § 2254 action in this Court. Accordingly, it is

ORDERED that the liberally construed Motion to Reconsider filed by Applicant on May 6, 2011, is GRANTED. It is

FURTHER ORDERED that the Order Directing Applicant to File Amended Application, filed on April 25, 2011, is VACATED. It is

FURTHER ORDERED that **within twenty one (21) days from the date of this Order** Respondents shall file a Pre-Answer Response that complies with this Order. It is

FURTHER ORDERED that **within twenty one (21) days of the filing of the Pre-Answer Response** Applicant may file a Reply, if he desires. It is

FURTHER ORDERED that if Respondents do not intend to raise either of the affirmative defenses of timeliness or exhaustion of state court remedies, they must notify the Court of that decision in the Pre-Answer Response.

DATED May 16, 2011, at Denver, Colorado.

                                         BY THE COURT:

                                         s/ Boyd N. Boland
                                         United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00992-BNB

Carey A Murray
Prisoner No. 135863
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

Brigham Sloan, Warden - **CERTIFIED**
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

John Suthers, Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**

Paul Sanzo, Asst. Attorney General
Office of the Attorney General
**DELIVERED ELECTRONICALLY**
**COURTESY COPY**

    I hereby certify that I have mailed a copy of the ORDER to the above-named individuals, and the following forms to Brigham Sloan and to John Suthers: APPLICATION FOR WRIT OF HABEAS CORPUS FILED 04/14/11 on May 16, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
               Deputy Clerk