FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 3 0 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00992-BNB

CAREY A. MURRAY,

      Applicant,

v.

BRIGHAM SLOAN, and
JOHN SUTHERS, The Attorney General of the State of Colorado,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Carey A. Murray, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who is currently incarcerated at the Bent County

Correctional Facility in Las Animas, Colorado.  Mr. Murray initiated this action by

submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 on April 14, 2011.  Mr. Murray is challenging the validity of his conviction

and sentence in Case No. 09CR691, in the Mesa County District Court.

      In an order filed on May 16, 2011, Magistrate Judge Boyd N. Boland directed

Respondents to file a Pre-Answer Response addressing the affirmative defenses of

timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28

U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses.

On May 27, 2011, Respondents submitted a Pre-Answer Response.  Mr. Murray

submitted a Reply on June 16, 2011.

The Court must construe liberally the Application and Reply filed by Mr. Murray because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Application will be dismissed.

On January 5, 2010, Mr. Murray pled guilty to attempted escape after he absconded from parole supervision. Pre-Answer Resp. at Ex. A, p. 9. On April 14, 2010, the trial court sentenced him to one year in the custody of the DOC, to be served concurrently to any sentence he was already serving. *Id.* at 8. Mr. Murray did not file a direct appeal.

On August 18, 2010, Mr. Murray filed a *pro se* motion for reconsideration of sentence pursuant to Colorado Rule of Criminal Procedure 35(b), which the trial court denied on October 21, 2010. *Id.* at 7. Mr. Murray did not file an appeal.

On November 29, 2010, Mr. Murray filed a *pro se* "Motion for Writ of Mandamus and Show Cause" in which he challenged his classification as a sex offender. *Id.* The trial court denied the motion on January 14, 2011. Mr. Murray did not file an appeal.

On March 7, 2011, Mr. Murray filed a habeas corpus action in the Delta County District Court. Reply at Ex A, p. 13. The Delta County District Court transferred the action to the Bent County District Court on March 16, 2011, and the Bent County District Court denied the action on March 29, 2011. *Id.* at 14-16. Mr. Murray did not file an appeal.

Mr. Murray then filed an Application for a Writ of Habeas Corpus Pursuant to 28

U.S.C. § 2254 in this Court.  In the Application, Mr. Murray asserts three claims for

relief:

> (1) The change of Mr. Murray's parole status from regular parole to intensive
> supervised parole (ISP) without affording him a revocation hearing violated his
> constitutional rights to due process and equal protection;
>
> (2) The change of Mr. Murray's parole status violated federal constitutional
> principles of separation of powers and the ex post facto clause because the
> parole board could not delegate to an individual parole officer the power to
> change a parolee's status, and because the change of status increased the
> sentence;
>
> (3) Mr. Murray was denied equal protection of the laws because he was treated
> differently from a parolee who is placed on a home detention program, the
> violation of which does not subject a parolee to a felony escape charge.

Respondents concede that the instant action is timely filed pursuant to 28 U.S.C.

§ 2244(d).  However, Respondents contend that Mr. Murray failed to exhaust state court

remedies for his claims because he has failed to invoke one complete round of the

State's established appellate review process.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus

may not be granted unless it appears that the applicant has exhausted state remedies

or that no adequate state remedies are available or effective to protect the applicant's

rights.  *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State*

*Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).  The exhaustion requirement is

satisfied once the federal claim has been presented fairly to the state courts.  *See*

*Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Fair presentation requires that the

3

federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Having reviewed the record and the state court briefs in Mr. Murray's case, the Court finds that Mr. Murray has failed to exhaust his state court remedies prior to seeking relief in federal court.

First, the Motion for Writ of Mandamus that Mr. Murray filed in state court on November 22, 2010, did not present any of the federal constitutional claims that Mr. Murray asserts in this Court. *See* Pre-Answer Resp. at Ex. B. Therefore, that action

4

was insufficient to exhaust his claims.

Second, Mr. Murray asserts that he filed a state habeas corpus action directly in the Colorado Supreme Court on February 4, 2010, which the Colorado Supreme Court denied on March 22, 2010. Reply at 4; Ex. B at 1-2. Mr. Murray also indicates that he filed a "Motion for Relief From Judgment" directly in the Colorado Supreme Court, which that Court denied on October 5, 2010. *Id.* He argues that his federal claims were presented in these actions and, therefore, that his claims have been "reviewed" by the Colorado Supreme Court. Reply at 4. However, these proceedings in the Colorado Supreme Court were insufficient to exhaust Mr. Murray's claims. This is because "where the claim has been presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (noting that state procedure that is discretionary and limited in scope does not constitute fair presentation). In the State of Colorado, the Colorado Supreme Court has the discretion to decline to address the merits of claims asserted in a petition for writ of habeas corpus filed directly in that court. *See Allen v. Zavaras*, 568 F.3d 1197, 1198 (10th Cir. 2009) (holding that "[u]nlike the district court, however, the Colorado Supreme Court is under no obligation to consider an original habeas petition."). In addition, the Colorado Supreme Court did not issue any order denying Mr. Murray's claims on their merits; instead, in both instances his petitions were summarily denied without any substantive

5

review. *See* Reply at Ex. B, p. 1-2. Because the actions that Mr. Murray filed directly in the Colorado Supreme Court were subject to the Court's discretionary review, these actions do not constitute fair presentation of Mr. Murray's federal constitutional claims. *See Castille*, 489 U.S. at 351.

Finally, Mr. Murray argues that the habeas corpus action he filed in Delta County District Court, which was transferred to Bent County District Court, should be sufficient to exhaust his federal claims. Mr. Murray's state court habeas petition was denied by the Bent County District Court on March 29, 2011. Pursuant to Colorado Revised Statute § 13-4-102(e), the Colorado Supreme Court has exclusive jurisdiction over an appeal from a final judgment of a district court in a habeas corpus case. *See also Velarde v. Zavaras*, 960 P.2d 1162, 1163 (Colo. 1998). There is no indication, and Mr. Murray does not allege, that he filed an appeal of the Bent County District Court's denial of his habeas petition with the Colorado Supreme Court pursuant to Colo. Rev. Stat.§ 13-4-102(e). Therefore, Mr. Murray has failed to exhaust the claims he brings here because he has not yet "invok[ed] one complete round of the State's established appellate review process." *See O'Sullivan*, 526 U.S. at 845. This action will be dismissed without prejudice for failure to exhaust state court remedies. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed without prejudice for failure to exhaust state court remedies. It is

FURTHER ORDERED that no certificate of appealability will issue because

Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this __30th__ day of ____June_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-00992-BNB

Carey A. Murray
Prisoner No.  135863
Bent County Correctional Facility
11560 Road FF75
Las Animas, CO 81054

I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on June 30, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
Deputy Clerk